UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 3:93-CR-58-3-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| LYNDELL L. THOMAS ) | |
| Defendant ) | |

This matter is before the court on defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

This statute permits a court to modify an imposed term of imprisonment when the Sentencing Commission has subsequently lowered the defendant's applicable guideline range "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10 is the relevant policy statement providing guidance to the court when considering a motion under 18 U.S.C. § 3582(c)(2). Under this policy statement, a reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable range" due to "the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10(a)(2)(B) & cmt. n.1(A)(ii).

Here, defendant relies on the recent guideline amendment relating to the offense level for crack cocaine offenses, Amendment 706. Defendant was convicted of conspiracy to distribute cocaine base (crack) in violation of 21 U.S.C. § 846. Even so, defendant's base offense level was determined by reference to U.S.S.G. § 4B1.1, which pertains to career offenders. The court did not rely on the guideline for determining the offense level of possession of a controlled substance, U.S.S.G. § 2D1.1, which Amendment 706 affected. Amendment 706 does not have

any effect on the career offender guideline pursuant to which the court determined defendant's offense level, and therefore, does not have the effect of lowering defendant's guideline range. Under such circumstances, the court will not reduce defendant's sentence.

> The Fourth Circuit has firmly agreed with this analysis, holding in similar cases that while the "base offense level corresponding to the determined drug quantity would be lower as a result of Amendment 706, the amendment is ultimately of no consequence because calculation of [defendant's] base offense level was driven by the career offender designation," *United States v. Bronson*, 2008 WL 539796, at *3 (4th Cir. February 27, 2008); see also *United States v. Gray*, 2008 WL 895012, at *2 (4th Cir. April 2, 2008).

United States v. Plater, No. PJM 97-0408, 2008 WL 2543435, at *2 (D. Md. June 24, 2008); see also United States v. Caraballo, 552 F.3d 6, 11 (1st 2008); United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); United States v. Sharkey, 543 F.3d 1236, 1239 (10th Cir. 2008); United States v. Thomas, 524 F.3d 889, 889-90 (8th Cir. 2008); United States v. Tyler, No. 08-6991, 2008 WL 5069532, *1 (4th Cir. Nov. 26, 2008).

The motion for a sentence reduction is DENIED.

This 13 October 2009.

                                            W. Earl Britt
                                            Senior U.S. District Judge