UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 3:93-CR-58-3-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| LYNDELL L. THOMAS ) | |
| Defendant ) | |

This matter is before the court on defendant's 2 August 2010 motions to dismiss the indictment and for production of documents.

In 1994, after a jury trial, defendant was convicted of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and sentenced to a total term of imprisonment of 262 months. The Fourth Circuit Court of Appeals affirmed defendant's conviction. United States v. Thomas, No. 94-5529 (4th Cir. Oct. 30, 1995). Since that time, and as noted further below, defendant has raised various challenges to his conviction and sentence.

Defendant now claims the indictment against him should be dismissed pursuant to the All Writs Act, 28 U.S.C. § 1651, and Fed. R. Civ. P. 60(b)(4).[1]  Specifically, defendant alleges that government agents violated the Federal Posse Comitatus Act, 18 U.S.C. § 1385, and that his trial counsel was ineffective for failing to adequately investigate or research that issue of agent misconduct. (Mot. to Dismiss at 5, 13.) Defendant has previously raised the Federal Posse Comitatus Act issue in a 28 U.S.C. § 2241 petition. See Thomas v. Winkler, No. 5:04-HC-1003-FL (EDNC). As Chief Judge Flanagan recognized, defendant could not challenge his sentence

---

[1] Defendant actually cites to Fed. R. Crim. P. 60(b)(4). However, that rule pertains to victim's rights. Defendant obviously means Fed. R. Civ. P. 60(b)(4), as he appears to contend that the judgment against him is void.

on that basis under § 2241; rather, the challenge must be brought pursuant to 28 U.S.C. § 2255. Id. (EDNC April 5, 2005), aff'd, No. 05-6669 (4th Cir. Dec. 29, 2005). In fact, defendant has previously filed a § 2255 petition. In that petition, he raised the same issue of allegedly ineffective assistance of counsel that he raises now. See 7/1/98 Order at 1 (attached to Mot. to Dismiss), aff'd, No. 98-7332 (4th Cir. March 8, 1999). The undersigned dismissed the § 2255 petition as untimely. Id. Defendant cannot use the All Writs Act (or Fed. R. Civ. P. 60(b)(4)) to bring these same challenges again. See Bailey v. United States, No. 3:94-CR-111-GCM, 2010 WL 3895508, *1 (W.D.N.C. Sept. 30, 2010) ("The United States Supreme Court has stated that the 'All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statue specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.' The United States Court of Appeals for the Fourth Circuit has stated that a 'writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate under 28 U.S.C. 2255.'" (citations omitted)). The motion is dismiss is therefore DENIED.

As for the motion for production, defendant seeks certain documents supposedly related to his allegation that government agents violated the Federal Posse Comitatus Act. Because the court denies the motion to dismiss, defendant's concomitant motion for the production of documents is DENIED.

This 20 October 2010.

W. Earl Britt
Senior U.S. District Judge